IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | NO.: 3:21-CR-38-KAC-DCP |
| | ) | |
| BENJAMIN ALAN CARPENTER | ) | |

## RENEWED MOTION FOR JUDGMENT OF ACQUITTAL

Comes the Defendant, Benjamin Carpenter, through undersigned counsel and pursuant to Federal Rule of Criminal Procedure 29(c) and *Jackson v. Virginia*, 443 U.S. 307 (1979), and respectfully moves this Honorable Court for a Judgment of Acquittal.

Mr. Carpenter renews the arguments that he made at the close of the Government's proof and at the close of proof. The Government's proof was insufficient to sustain a conviction for the charged offense of attempting to provide material support and resources through translation services to a foreign terrorist organization. First, the Government failed to prove the essential element that Mr. Carpenter *intended* to commit the crime alleged. In fact, the proof showed that Mr. Carpenter was aware of the statute and intended not to commit the charged offense. Additionally, the Government failed to prove the element of *material support* because the edits that Mr. Carpenter forwarded back to the undercover operative were not material. Similarly, the Government did not show that Mr. Carpenter directly provided any translation services. The Government did not show a substantial step in providing translation services as required when charging an individual with an attempt offense.

Further, the Government's proof varied from what was alleged in the indictment. The Government's proof related to a theory that Mr. Carpenter either attempted to provide personnel (by getting someone else to edit) or expert advice or assistance to the Islamic State or Iraq and al-Sham. The Government explicitly declined to indict the offense using these statutorily defined terms. *See* 18 U.S.C. § 2339A(b)(1) & 2339B(g)(4) & (h). The difference between the indictment and proof at trial constitutes a material variance which resulted in the proof being insufficient to sustain a conviction based on what the indictment charged. Similarly, the proof is insufficient to sustain a conviction because the variance between the indictment and the proof renders the statute unconstitutionally vague as applied for the reasons raised by Mr. Carpenter in his pretrial motions.[1]

For these reasons, Mr. Carpenter renews his Rule 29 Motion for Judgment of Acquittal.

Respectfully submitted this 1st day of November, 2023.

/s/ Wade V. Davies
WADE V. DAVIES [BPR #016052]
606 W. Main Street, Suite 300
P. O. Box 1126
Knoxville, TN 37901-1126
(865) 637-0661
wdavies@rdjs.law

---

[1] See Doc. 40, Motion to Dismiss, notice; Docs. 58, 59 Motion to Dismiss, vagueness; Doc. 70 (Carpenter's Reply to Government Responses); Doc. 80 (supplemental motion); Doc. 89 (Objections to R&R).